motion in this case? I think the proper course is, to amend the alias monition, so that it shall command the marshal to attach the property by leaving with the collector or other person having the property in custody a copy of the monition, and also a notice requiring such collector or other person to detain such property in custody until the further order of the court respecting it, and to give due notice, &c. This will be the proper form of monition to be issued in all cases where property is under seizure as forfeited for violations of the customs laws, and is in the custody of the collector or other principal officer of the customs.

---

UNITED STATES v. ONE CASE OF SILK.
See Case No. 15,951.

---

## Case No. 15,926.

UNITED STATES v. ONE CASE OF SPARKLING WINE.

[See Case No. 14,614.]

---

## Case No. 15,927.

UNITED STATES v. ONE CASE STEREOSCOPIC SLIDES.

[1 Spr. 467;[1] 22 Law Rep. 79.]

District Court, D. Massachusetts.  March, 1859.

CUSTOMS DUTIES—IMPORTATION OF INDECENT ARTICLES—VERDICT—PACKAGE.

1. If a verdict finds facts not put in issue by the pleadings, it is so far nugatory.

2. By Statute 1857, c. 63 [11 Stat. 168], if an invoice or package of imported goods contains some articles which are indecent, or obscene, and others which are not, the whole are liable to forfeiture. The indecent or obscene articles are to be destroyed, and the others to be sold.

[Cited in U. S. v. Males, 51 Fed. 43.]

3. An information was filed against one case of stereoscopic slides, alleging them to be indecent and obscene, and praying that they might be condemned and destroyed, and the general issue was pleaded. The jury found that a part of the slides imported in the case were indecent, and that the rest were neither indecent nor obscene.

4. Under such pleadings, only those found to be indecent can be condemned, and the residue must be acquitted.

5. If a verdict find that two kinds of slides were in the same case, it is not a finding that they were in the same package.

C. L. Woodbury, U. S. Dist. Atty.
B. F. Hallett, for claimant.

SPRAGUE, District Judge.  This prosecution is founded on Statute 1857, c. 63, prohibiting the importation of indecent or obscene articles, prints, paintings, lithographs, &c. The seizure was made on land. A trial has been had by a jury, who have returned their verdict, and the question now is, what judgment shall be entered.

The information sets forth, that "on the 30th of December, 1858, Arthur W. Austin then and now collector of the customs for the revenue district of Boston and Charlestown, in said district of Massachusetts, did, at said port of Boston and Charlestown, and on land, seize as forfeited to the use of the said United States of America, one case of stereoscopic slides, marked J. B. 111, imported into the United States from a foreign port or place, in the steamship Arabia, and now hath the same in his possession, as being forfeited and subject to destruction, for that the said stereoscopic slides are indecent and obscene articles."

The information concludes with praying, "that the said case of stereoscopic slides be condemned by the definitive sentence and decree of the said judge, as forfeited and subject to destruction, and that the same may be destroyed after condemnation."

Walter P. Cottle appeared and put in a claim, as owner, to all the stereoscopic slides, excepting fifty-nine. Those fifty-nine are admitted to be indecent, and subject to condemnation. The residue, being 1924 in number, the claimant defends, and has put in a plea denying the truth of the allegations in the information, that is, amounting to the general issue. Upon this plea, the jury have returned the following verdict: "The jury find that the case of stereoscopic slides, named in the said information, was imported by the said W. P. Cottle, and said case did contain fifty-nine stereoscopic slides that are indecent, and that as to all the other stereoscopic slides contained in said case, and claimed by said W. P. Cottle, the same are not indecent or obscene."

The district attorney now moves that judgment be rendered against all the stereoscopic slides, as forfeited, and that the fifty-nine which have not been claimed or defended, and are admitted to be indecent, be ordered to be destroyed, and that the residue be ordered to be sold for the benefit of the United States.

As to the fifty-nine, there is no controversy. They were a part of the contents of the case proceeded against, in the information, as indecent, and being found to be such, must be condemned and destroyed. But as to the 1924 which have been claimed and defended, the motion of the district attorney encounters two difficulties. 1st. The only allegation against them in the information is that they are indecent and obscene, but the verdict finds that they are neither indecent nor obscene. It is urged, however, that they were imported in the same package with others that were indecent, and for that reason are subject to forfeiture. But this ground of forfeiture is nowhere

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]